Filed 7/15/24  T.R.K. v. V.V. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| T.R.K.,<br><br>    Petitioner and Appellant,<br><br>v.<br><br>V.V.,<br><br>    Respondent. | 2d Civ. No. B326455<br>(Super. Ct. No. 20FL-0151)<br>(San Luis Obispo County) |

T.R.K. (father) appeals from the denial of his request to modify a visitation order concerning T.K., his minor daughter. V.V. (mother) had opposed the modification.  On appeal, father raises a variety of contentions, including that the trial court abused its discretion in denying the request.  Because the trial court applied the incorrect standard in evaluating father's request to modify visitation, we will reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

Father and mother have a daughter T.K., born July 2018. After hearings in November 2020, Judge Ginger Garrett awarded temporary sole custody of T.K. to mother, subject to father's Zoom and supervised in-person visits. Father did not participate in those hearings despite being given notice.

On June 2, 2021, the court held a trial to determine child custody, parenting time, and attorney's fees and costs. Father did not appear. A log of visits between September 10, 2020, and March 16, 2021, showed that father missed or canceled over 50 visits with T.K. during that period. Father had not contacted or visited T.K. since February 1, 2021.

A custody evaluation by Dr. Suzanne Dupée concluded father had a significant substance abuse problem, coupled with mental health issues and criminal behavior. Father did not participate in the evaluation.

The court found applicable Family Code section 3044, which created a rebuttable presumption of sole custody for mother given father's past instances of domestic violence against her. In November 2017, father punched mother in the eye. In December 2017, father put a gun to mother's head and interrogated her about T.K.'s paternity. He fired a handgun in mother's presence. The court concluded no evidence rebutted the section 3044 presumption and awarded sole legal and physical custody of T.K. to mother.

The court ordered no visitation "unless and until [father] completes a psychological evaluation and files a petition for visitation with the Court showing changed circumstances." The court noted father's inconsistent presence in T.K.'s life could cause attachment, anxiety, and mood issues. It concluded: "The

2

first step in assuming a parenting role is to provide an evaluation by a psychologist or psychiatrist as to [father's] current level of mental health issues and substance abuse. The fact that [father] may suffer from mental health issues is not a reason to deny him visitation; his inconsistent behavior toward his daughter's best interest is."

On June 17, 2021, the same day the judgment was entered, father filed a request to modify the visitation order and a motion for reconsideration. On July 16, 2021, he filed an amended request, adding requests for joint legal and physical custody and for changes to a domestic violence order.

In September 2021, the case was reassigned to Judge Matthew Guerrero. In October 2021, father challenged Judge Guerrero pursuant to Code of Civil Procedure sections 170.6 and 170.3. The Judicial Council assigned an independent judge to rule on the challenge. Finding no grounds for disqualification, she denied it in an order filed on December 13, 2021.

On December 15, 2021, the court, not finding a change in circumstances, denied father's request for modification of custody and visitation.

In May 2022, father filed a request to modify the visitation order, which he amended in August 2022. Father's supporting declaration stated he had completed a 90-day inpatient treatment program. Attached was a letter from Ventura Recovery Center. It stated father successfully completed their 90-day substance abuse treatment program in April 2022, during which he was randomly drug tested three to four times a week, breathalyzed daily, and attended daily AA meetings.

On September 22, 2022, the court denied without prejudice father's request to modify visitation. The court advised father

3

that Judge Garrett's June 2021 order gave him "the path to [his] visitation." The court indicated father needed to provide random drug testing. The court directed father to obtain psychological records from the treatment program he completed. The court also suggested father approach county mental health with a copy of the June 2021 order to obtain a psychiatric examination.

Prior to the hearing, father had provided a witness list including the professional supervisor, Donna Phalen, and an AA sponsor, Robert Blume. The court declined to hear testimony from Phalen at the September 22, 2022 hearing; no one mentioned Blume. The court scheduled a December 15, 2022 "review hearing" and told father he did not "have to bring in any witnesses." Findings and orders were entered on November 15, 2022.

On December 2, 2022, father filed a declaration with exhibits, including negative drug tests, psychological records from Ventura Recovery Center, and documentation of enrollment with Ventura County Behavioral Health.[1]

At the review hearing on December 15, 2022, the court found father had "not met the criteria . . . Judge Garrett set out in order to make a change that would amount to a material change." The court stated it had "not found a significant change in circumstances to warrant a custody change."

A formal order filed January 18, 2023, stated father "has not demonstrated a material change in circumstances warranting any change to the custody orders set forth in the Judgment filed

---

[1] To facilitate our review on the merits, we grant father's motion to augment the record. (Cal. Rules of Court, rule 8.155(a).)

June 17, 2021.  His requests for modification to those orders are denied."  Father appeals.[2]

## DISCUSSION

Father contends that in denying his request to modify visitation, the court applied the wrong legal standard.  We agree.[3]

We review modification of visitation orders for abuse of discretion.  (See *In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.)  "The precise measure is whether the trial court could have reasonably concluded that the order in question advanced the 'best interest' of the child.  We are required to uphold the ruling if it is correct on any basis, regardless of whether such basis was actually invoked."  (*Ibid*.)  We review the trial court's factual findings for substantial evidence.  (*Johnston-Rossi v. Rossi* (2023) 88 Cal.App.5th 1081, 1087.)  However, "a discretionary order based on the application of improper criteria or incorrect legal assumptions is *not* an exercise of *informed* discretion and is subject to reversal even though there may be substantial evidence to support [the] order."  (*F.T. v. L.J.* (2011) 194 Cal.App.4th 1, 16.)  The record must "affirmatively show[]" the trial court misunderstood its discretion.  (*Id*. at p. 26.)

---

[2] Although the notice of appeal states father is appealing orders entered on "11/25/23" and "1/19/23," it appears father refers to the orders dated November 15, 2022, and January 18, 2023.  Father's appeal is timely only as to the January 2023 order.  (Cal. Rules of Court, rule 8.104(a).)

[3] We decline mother's invitation to dismiss the appeal under the disentitlement doctrine.  (See *In re A.G.* (2012) 204 Cal.App.4th 1390, 1399.)  Father's conduct does not warrant that response.

A party seeking to modify a permanent custody order must show "a significant change of circumstances . . . ." (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 256.) This changed circumstances rule, however, does not apply when a party seeks only a visitation modification "not amounting to a change from joint custody to sole custody, or vice versa." (*In re Marriage of Lucio* (2008) 161 Cal.App.4th 1068, 1072.) Changes in visitation are instead subject to the child's best interest standard. (*Id*. at p. 1080.) "When determining the best interest of the child, relevant factors include the health, safety and welfare of the child, any history of abuse by one parent against the child or the other parent, and the nature and amount of contact with the parents." (*Montenegro*, at p. 255; see also Fam. Code, § 3011.)

Given that father requested only a visitation change, the changed circumstances rule does not apply. The best interest standard governs. The court applied the wrong standard.[4] At the hearing, the court stated: "I have not found a significant change in circumstances to warrant a custody change." In its formal order, the court similarly found father "has not demonstrated a material change in circumstances warranting any change to the custody orders." However, father was not seeking a custody change. He requested modification of the visitation order to allow supervised and Zoom visitation. In light of the court's express invocation of the incorrect standard, we are unable to presume it knew and properly applied the law. (Evid. Code, § 664; cf. *Ross v. Superior Court* (1977) 19 Cal.3d 899, 913.)

We cannot conclude the error was harmless. During a long colloquy at the September 2022 hearing, the court complimented

---

[4] At the September 2022 hearing, mother's counsel also argued father needed to show changed circumstances.

father on his demeanor, stating: "I really want to acknowledge the progress that I can see with you." The court directed father to "bring and show us" records from his substance abuse treatment program and psychological treatment. It suggested father "go to your County Mental Health" with copies of the prior order to "see what they can do for you." The court also instructed father to "bring . . . evidence of your testing, your random [drug] testing."

Father substantially complied with these directives. He submitted: (1) records of a February 2022 psychiatric evaluation, with notes from a clinical session in April 2022; (2) documents evidencing enrollment in a substance abuse treatment program in October 2022, reflecting that he "is making excellent progress"; (3) proof of several negative drug tests taken in October and November 2022; and (4) a letter from Ventura County Behavioral Health confirming an appointment for a psychiatric evaluation on December 14, 2022.

At the December 2022 hearing, the court provided an indicated ruling that father "has not met the criteria that Judge Garrett set out in order to make a change that would amount to a material change," but added: "I do also recognize that [father is] making significant progress . . . but all the boxes aren't checked." After argument, the court adopted its indicated ruling, stating: "I have not found a significant change in circumstances to warrant a custody change," once again adding that father "is making valiant efforts and moving – and attempting to make positive life changes." Thus, there was no indication the court considered evidence of the factors relevant to the child's best interest. Instead, it focused solely on whether father had complied with the judgment.

On this record, we are unable to determine whether the court would have reached the same decision had it applied the correct standard—the best interest of the child.

Because we will remand to allow the court to reconsider father's request applying the best interest of the child standard, we need not reach father's remaining contentions. However, we note that his claims of insufficient notice of the June 2021 trial, judicial bias, and violations of the Americans with Disabilities Act (ADA) are all forfeited. He failed to appeal the 2021 order (*Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 67), he never raised any ADA claim regarding the September or December 2022 hearings (see *In re M.S.* (2009) 174 Cal.App.4th 1241, 1252), and denial of his judicial disqualification motion required a timely petition for writ of mandate (Code Civ. Proc., § 170.3, subd. (d)), which he did not file.

Finally, although the 2021 order provided for "no visitation" unless father "completes a psychological evaluation and files a petition for visitation . . . showing changed circumstances," we reiterate that the standard for modification of visitation is not changed circumstances but the child's best interest. On remand, the court should consider all relevant, current circumstances—whether or not father has completed a psychological evaluation—when determining what orders will best serve T.K.'s interests.[5] Judge Garrett's 2021 delineation of

---

[5] Father argued he did not have the ability to pay for certain services, such as a psychological evaluation. If the court still believes the evaluation is necessary to determine whether supervised visitation would be in T.K.'s best interest, under Family Code section 3112, subdivision (a), the trial court must "inquire into the financial condition" of a parent and ascertain whether he or she is "able to pay" the expense of an investigation,

what constitutes changed circumstances is not binding on any future judge who considers the case.  (See *Anne H. v. Michael B.* (2016) 1 Cal.App.5th 488, 497 [prior judge's "comment . . . not binding in any manner" on future judge].)

DISPOSITION

The postjudgment order denying father's request for modification of the visitation order is reversed.  The matter is remanded for the court to consider the request under the best interest of the child standard.  The parties shall bear their own costs on this appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P.J.

BALTODANO, J.

report, or evaluation that is being undertaken by a court-appointed investigator or evaluator.

9

Matthew G. Guerrero, Judge
Ginger Garrett, Judge
Superior Court County of San Luis Obispo

_____

T.R.K. (father), in propria persona, for Petitioner and Appellant.

Tardiff Law Offices, Neil Tardiff for Respondent V.V. (mother).